United States District Court
Southern District of Texas
**ENTERED**
August 24, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ENRIQUE GONZALEZ, JR., | § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. 2:22-CV-00195 |
| BRYAN COLLIER - TDCJ DIRECTOR, *et al.*, | § § § § | |
| Respondents. | § | |

## ORDER ADOPTING MEMORANDUM & RECOMMENDATION IN PART

Petitioner Enrique Gonzalez, Jr., is a state prisoner incarcerated at the Texas Department of Criminal Justice-Criminal Institutions Division (TDCJ) McConnell Unit in Beeville, Texas. D.E. 1. He is currently serving a life sentence on a 2013 conviction for indecency with a child.[1] With the assistance of counsel, Petitioner filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 on August 18, 2022. D.E. 1. Respondent Bobby Lumpkin filed a motion to dismiss to which Petitioner responded. D.E. 12, 15. United States Magistrate Judge Julie Hampton issued a Memorandum and Recommendation (M&R, D.E. 18), recommending that the Court dismiss this action as untimely and grant a Certificate of Appealability (COA). Pending before the Court is Respondent's objection (D.E. 19) to the M&R which is directed to the recommendation regarding the COA.

---

[1] *Gonzalez v. State*, No. 04-13-00708-CR, 2014 WL 6979289, at *1 (Tex. App.—San Antonio Dec. 10, 2014, pet. ref'd).

The district court conducts a de novo review of any part of a magistrate judge's disposition that has been properly objected to. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (discussing pro se petitioner's objections to M&R), *overruled on other grounds Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).[2] As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

Respondent objects to the Magistrate Judge's recommendation that a COA be granted on whether Petitioner is entitled to equitable tolling, arguing that Petitioner has failed to show a valid claim of a denial of a constitutional right under *Slack v. McDaniel*, 529 U.S. 473 (2000). D.E. 19. To be granted a COA on a procedural issue, a petitioner must show that jurists of reason would find it debatable whether: (1) the petition states a valid claim of the denial of a constitutional right; and (2) the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484. Respondent contends that neither Petitioner's reasons for the delay,

---

[2] *See also Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) (discussing pro se petitioner's objections to M&R) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."); *Jones v. Hamidullah*, No. 2:05-2736, 2005 WL 3298966, at *3 (D.S.C. Dec. 5, 2005) (noting a pro se petitioner's M&R objections were "on the whole . . . without merit in that they merely rehash [the] general arguments and do not direct the court's attention to any specific portion of the [M&R]."). In explaining the policy supporting this rule, the Supreme Court noted that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985).

nor the Magistrate Judge's analysis that found equitable tolling inapplicable, could be interpreted to support the granting of a COA. D.E. 19 at 2–3.

To obtain the benefit of equitable tolling, Petitioner must establish that (1) he pursued habeas relief with reasonable diligence, and (2) some extraordinary circumstances stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). A standard claim of excusable neglect is insufficient. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002).

Petitioner cited several circumstances that led to his petition being untimely. First, he claims that "the state law preference for ineffective assistance of counsel claims to be raised in postconviction habeas proceedings combined with its 'no statute of limitations' jurisprudence is in conflict with the federal rules that require exhaustion of state remedies . . . within a one-year statute of limitations." The time during which a properly filed application for state postconviction or other collateral review is pending is not counted toward the federal limitations period. 28 U.S.C. § 2244(d)(2). However, a state habeas application filed after the federal limitations period has expired does not toll the limitations period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). D.E. 15, p. 6. It appears Petitioner was aware of the statute of limitations applicable to his case. In any event, ignorance of the law and the applicable statute of limitations does not warrant equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 172–73 (5th Cir. 2000).

Second, Petitioner contends that his trial counsel also served as his appellate counsel and thus his errors were not discoverable prior to 2019, when he admitted his errors after being replaced by postconviction counsel. D.E. 15, p. 3. The Court agrees with the Magistrate

Judge's analysis that counsel's errors at the plea stage were discoverable when Petitioner's mandatory life sentence was affirmed on direct appeal in 2014, and the trial and motion for new trial errors could have been discovered well before 2019 through the exercise of due diligence. D.E. 18, pp. 11-12.

Overall, the circumstances of Petitioner's late filing do not meet the standard under *Holland*; there is no evidence that he continually made an effort to remove his counsel or communicate any concern over meeting the statute of limitations. *See* 560 U.S. at 637. Rather, the efforts of his counsel are akin to simple negligence, which is insufficient to support equitable tolling. *See id.* at 652–54.

There is ample precedent supporting the denial of equitable tolling in this case. *See, e.g., Manning v. Epps*, 688 F.3d 177, 185–86 (5th Cir. 2012) (no equitable tolling where petitioner knew his conviction had become final but neither encouraged his attorneys to file his application nor inquired about the status of his application, instead relying on his counsel to comply with the statute of limitations for over nineteen months without exercising due diligence); *Palacios v. Stephens*, 723 F.3d 600, 608 (5th Cir. 2013) (no equitable tolling where the petitioner took seven months to retain a habeas attorney, then after discharging the attorney with two weeks remaining on his limitation period, he did not file a protective federal petition to preserve his federal remedies); *Tsolainos v. Cain*, 540 F. App'x 394, 399 (5th Cir. 2013) (no equitable tolling where the petitioner waited nine and a half months to retain postconviction counsel, did not closely monitor his attorneys to oversee his petition, then waited eight months to file his federal petition after realizing that it was overdue and firing his counsel).

The Magistrate Judge thoroughly analyzed the equitable tolling claim and found that it was inapplicable. D.E. 18, pp. 13–20. However, she found that reasonable jurists could debate whether Petitioner has shown circumstances warranting equitable tolling and thus recommended that a COA be granted on this issue. *Id.* at 22 (citing *Slack*, 529 U.S. at 484). In recommending the grant of a COA, the Magistrate Judge did not identify authority that could be construed to justify a different result. Petitioner's claims are analogous to other cases where equitable tolling was not applicable. The assessment of these claims is therefore not debatable, and Petitioner has failed to show that he meets the standard for a COA. The Court **SUSTAINS** Respondent's objection and **DENIES** the COA.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Respondent's objection, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **SUSTAINS** Respondent's objection regarding the COA and otherwise **ADOPTS** the Magistrate Judge's findings and conclusions. Accordingly, the Court **DISMISSES** the habeas corpus petition (D.E. 1) and **DENIES** the request for a COA.

**ORDERED** on August 24, 2023.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE